UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MOUSTAPHA AL-MOULLA,            ) | |
| ) | NO. CV-05-5060-LRS |
| Plaintiff,   ) | |
| ) | **ORDER GRANTING SUMMARY** |
| -vs-         ) | **JUDGMENT** |
| ) | |
| PAT RIMA, et al.,              ) | |
| ) | |
| Defendants.  ) | |
| ) | |

BEFORE THE COURT is Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Ct. Rec. 15), filed September 15, 2006 and set for hearing without oral argument on November 6, 2006.  Defendants request an order of involuntary dismissal pursuant to Fed.R.Civ.P. Rule 41(b) because Plaintiff has taken no action to prosecute this case since the filing of the Complaint.  In the alternative, Defendants move for summary judgment based on a statute of limitations bar.

Plaintiff, through his attorney not yet of record Ali Nakkour, filed an untimely response on November 3, 2006, opposing Defendants' instant motion.  This reply will be disregard based on its untimeliness under Local Rule 7 and based on Mr. Nakkour's failure to file a Notice of Appearance to date. Further, the *pro se* Plaintiff has moved to Lebanon for an undisclosed period of time, and has not provided a forwarding address.[1]

---

[1] The Court notes that on September 18, 2006, mail sent by the Court to Plaintiff MOUSTAPHA AL-MOULLA's last reported address was returned as "undeliverable."

ORDER - 1

The Court, at this juncture, finds that based on the allegations in the Complaint filed, the actions complained of occurred between January and May 2002. Specifically, Plaintiff complains that he was not properly treated for sciatica while incarcerated at the Washington State Penitentiary ("WSP") in Walla Walla, Washington. The statute of limitations for actions brought under 42 U.S.C. §1983 in the state of Washington is three years. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981). Here, Plaintiff's cause of action accrued no later than May 20, 2002, the last day referenced in his complaint that he was provided medical care by Defendants at WSP which he claims violated his civil rights. Plaintiff, however, did not file his complaint until June 7, 2005. Additionally, vague and conclusory allegations are not sufficient to support a § 1983 claim or to withstand summary judgment. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir.1983); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978), *cert. denied*, 442 U.S. 941 (1979). As such, his complaint is barred by the statute of limitations and will be dismissed. Accordingly, **IT IS ORDERED THAT** Defendants' Motion for Summary Judgment (Ct. Rec. 15) is **GRANTED.**

The District Court Executive is directed to file this Order; provide copies to counsel and Plaintiff; enter judgment for Defendants; and CLOSE FILE.

**DATED** this 20th day of November, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 2